UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLEGIANCE BENEFIT PLAN
MANAGEMENT, INC., a Montana
corporation,

    Plaintiff,

v.                                          Case No.: 2:19-cv-839-FtM-38MRM

RELIASTAR LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant ReliaStar Life Insurance Company's Motion to Dismiss (Doc. 7) and Plaintiff Allegiance Benefit Plan Management, Inc.'s Response in Opposition (Doc. 17). For the reasons below, the Motion is granted in part and denied in part with leave to amend.

## BACKGROUND

This is an insurance dispute in which a third-party claims administrator seeks reimbursement as an assignee from an insurer under an excess coverage policy. ReliaStar issued an excess risk "Stop-Loss" insurance policy to the District School Board of Collier County, effective January 1, 2015 through December 31, 2017, with Policy Number 68716-2 EXRSK (the "Policy"). (Doc. 5 at 1-2; Doc. 4-3). Previously, the School Board and Allegiance entered into an Administrative Services Agreement

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

under which Allegiance administered the School Board's insurance claims. (Doc. 5 at 2). In late 2017, Allegiance filed a claim for reimbursement on behalf a School Board employee, which ReliaStar denied. (Doc. 5 at 4). That claim is the subject of this suit.

On August 6, 2019, the School Board assigned their right to reimbursement for all benefits incurred by the School Board prior to June 1, 2019 to Allegiance by signing an "Assignment of Benefits." (Doc. 5 at 1-2, 4-5; Doc. 4-5). Thus, Allegiance brings this breach of contract and declaratory judgment action as an assignee of the School Board pursuant to a purportedly valid and complete post-loss assignment of benefits of the right to receive reimbursements owed under the Policy filed on behalf of a School Board employee. (Doc. 5-2). ReliaStar removed the case and now moves to dismiss with prejudice and without leave to amend under Rule 12(b)(1) and (6) for lack of standing because the Assignment of Benefits is precluded by the terms of the Policy. (Doc. 1; Doc. 7).

## STANDARD

Motions to dismiss based upon lack of standing "attack the court's subject matter jurisdiction[] and are therefore considered pursuant to Rule 12(b)(1)."[2] *Honeywell v. Harihar Inc*, No. 2:18-cv-618-FtM-29MRM, 2018 WL 6304839, at *2 (M.D. Fla. Dec. 3, 2018) (citing *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003)). A defendant's attack on subject matter jurisdiction occurs in two forms: facial and factual. *See Garcia v. Copenhaver, Bell & Assoc., M.D.'s PA*, 104 F.3d 1256, 1260 (11th Cir. 1997). When there is a facial attack, like ReliaStar raises here, the Court takes the allegations in the

---

[2] Although ReliaStar cites both Rules 12(b)(1) and 12(b)(6) in its motion, only Rule 12(b)(1) applies because ReliaStar's only basis for dismissal is "lack of standing." (Doc. 7 at 3-9).

2

complaint as true in deciding the motion. See *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

"Standing is a threshold jurisdictional question of whether a court may consider the merits of a dispute. Standing originates from the Constitution's Article III requirement that a federal court's jurisdiction is limited to actual cases and controversies." *Navtech US Surveyors USSA Inc. v. Boat/Us Inc.*, No. 2:19-cv-184-FtM-99MRM, 2019 WL 3219667, at *1 (M.D. Fla. July 17, 2019). Standing has three elements: "(1) [plaintiff] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of establishing standing in the complaint. *Uberoi v. Labarga*, 769 F. App'x 692, 696-97 (11th Cir. 2019). "The Court should not speculate concerning the existence of standing. Nor should it attempt to piece together an injury sufficient to confer standing to the plaintiff; the plaintiff must demonstrate that [it] has satisfied this burden." *Id.* (citations omitted).

**DISCUSSION**

In the Complaint, Allegiance seeks to establish standing as an assignee of the School Board. (Doc. 5 at 1) ("Allegiance has all rights and powers to bring this action as the assignee of the rights of the named insured, the District School Board of Collier County (*i.e.*, the Policy Holder). As assignee, Allegiance has standing . . .."). ReliaStar argues that Allegiance has not met the "injury-in-fact" element of standing because the School Board's assignment to Allegiance is invalid. (Doc. 7 at 4-5). To determine if an assignee has suffered a valid injury-in-fact, the Eleventh Circuit uses a two-step

analysis. Courts consider (1) whether the original assignor suffered an injury-in-fact and (2) whether the assignment was valid. *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019).

Starting with the first step, the School Board, the original assignor, must have suffered an injury-in-fact. An injury-in-fact is "an invasion of a legally protected interest that is [(1)] concrete and [(2)] particularized . . .." *Spokeo, Inc.*, 136 S. Ct. at 1548 (2016) (citations and internal quotations omitted). Concrete injuries are "real[,] not abstract." *Id.* And particularized injuries "affect the plaintiff in a personal and individual way." *Id.* Here, the Court finds that the School Board suffered an injury-in-fact. The Complaint states that ReliaStar denied the School Board's claim for excess coverage as untimely in late 2017. (Doc. 5 at 4). A School Board employee, covered by the School Board's policy, sought a $320,388.12 reimbursement for medical expenses covered by the Policy. (Doc. 5 at 3-4). Because ReliaStar has not reimbursed the School Board employee, the School Board's injury is concrete and particularized. (Doc. 5 at 6). Thus, Allegiance meets the first requirement.

Next, the School Board's assignment to Allegiance must be valid. Because this is a diversity action, Florida law controls the validity of the assignment. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (stating that federal courts "apply state substantive law" in diversity jurisdiction cases). In Florida, the insurance contract terms generally control whether a policy is assignable. *See* Fla. Stat. § 627.422. "Anti-assignment provisions only cover claims within their scope." *MSPA Claims 1, LLC*, 918 F.3d at 1319. Here, the insurance contract has an anti-assignment clause that prohibits the School Board's assignment to Allegiance. *See* Doc. 4-4 at 7.

4

The Policy's anti-assignment clause states in its entirety: "**ASSIGNMENT**: You may not assign, pledge or transfer, in whole or in part, this [p]olicy or any interest therein or any benefits payable hereunder without [o]ur prior written consent. Any such action will be void and of no effect."

Even so, Allegiance argues that the Policy's anti-assignment clause does not prohibit the School Board's assignment to Allegiance because that assignment occurred "post-loss." (Doc. 17 at 1-9; Doc. 5 at 1-2). There is a post-loss exception in Florida at § 627.422 that prohibits *property* insurance policies from restricting post-loss assignment of benefits. *See CMR Constr. & Roofing LLC v. ACE Ins. Co. of the Midwest*, No. 2:19-cv-771-FtM-60NPM, 2020 WL 263661, at *2 (M.D. Fla. Jan. 17, 2020). Courts have rarely extended this post-loss exception to anything but *property* insurance policies. And the Florida Legislature recently amended Fla. Stat. § 627.422 and added subsection (2), which expressly limits the post-loss exception to *property* insurance policies. *See* Fla. Stat. § 627.422(2) (effective July 1, 2019) ("A residential or commercial property insurance policy may not prohibit the assignment of post-loss benefits . . ..").

Because the School Board held an excess risk "Stop-Loss" insurance policy which covered "[p]rescription [d]rugs" and "[m]edical" benefits – not a *property* insurance policy – Florida's post-loss exception does not apply. *See* Doc. 4-3 at 1. Instead, ReliaStar imposed conditions upon the assignment of the Policy, and in the absence of a contrary statute, the general rule in Florida that the contract terms control assignment prevails, and the Policy's unambiguous anti-assignment provision prohibits the School Board's assignment to Allegiance. *See* Fla Stat. § 627.422; Doc. 4-4 at 7. Thus,

Allegiance does not meet the second requirement. And Allegiance lacks standing to sue ReliaStar as an assignee of the School Board. *See MSPA Claims 1, LLC*, 918 F.3d at 1318.

Nor does Allegiance allege any alternative methods of standing in the Complaint. Because the Court cannot "speculate" on standing or "attempt to piece together" a cognizable claim, this case is subject to dismissal. *Uberoi*, 769 F. App'x at 697. However, rather than dismiss the Complaint with prejudice, the Court will grant Allegiance leave to amend the Complaint to establish standing. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

Accordingly, it is now **ORDERED**:

(1) ReliaStar Life Insurance Company's Motion to Dismiss (Doc. 7) is **GRANTED in part and DENIED in part** to the extent that the Complaint (Doc. 5) is dismissed, but the Court does so without prejudice.

(2) Allegiance Benefit Plan Management, Inc. may file an Amended Complaint by **April 6, 2020** that addresses the issues of subject matter jurisdiction as stated in this Opinion and Order. **If no Amended Complaint is filed this case will be closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of March, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record